IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA SIMPSON, | ) |
|           Plaintiff, | ) |
| v. | ) CIV. ACTION NO. _____ |
| AMERICAN CREDIT ACCEPTANCE, LLC, | ) |
|           Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant American Credit Acceptance, LLC ("ACA"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, files this Notice of Removal of this action from the Circuit Court for Blount County, Tennessee, where it was originally filed, to the United States District Court for the Eastern District of Tennessee, Northern Division. As grounds for the removal of this action, ACA states as follows:

### I. INTRODUCTION

1. On or about July 7, 2016, Plaintiff Patricia Simpson ("Plaintiff") commenced this civil action against ACA by filing a Complaint in the Circuit Court for Blount County, Tennessee, styled *Patricia Simpson v. American Credit Acceptance, LLC*, No. L19355. (*See* Compl., attached as **Exhibit A** hereto.)

2. ACA was served with Plaintiff's Complaint on August 17, 2016.

3. In her Complaint, Plaintiff alleges that ACA financed her purchase of a vehicle,

that ACA "wrongfully repossessed and listed on the credit report of the Plaintiff that the car was repossessed on two occasions when no right existed for repossession under the security agreement and contract," and that as a result, she suffered damages. (*See* Compl.) Based upon these allegations, Plaintiff asserts the following claims: violations of the Tennessee Consumer Protection Act, T.C.A. § 47-18-104(27); violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k;[1] and negligent infliction of emotional distress. (*See id.*)

## II. FEDERAL QUESTION JURISDICTION

4. This case is properly removable, pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5. 28 U.S.C. § 1331 provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. Plaintiff's Complaint, which alleges that ACA violated the FDCPA, asserts a claim arising under the Constitution, laws or treaties of the United States.

---

[1] Plaintiff's Complaint refers to a 15 U.S.C. § 1629(k). Upon information and belief, ACA believes this reference was a misspelling of 15 U.S.C. § 1692k, given the reference in Plaintiff's Complaint to the Fair Debt Collection Practices Act.

7. Because Plaintiff has asserted a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claim, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

### III. SUPPLEMENTAL JURISDICTION

8. This Court has supplemental jurisdiction over the state law claims Plaintiff brings against ACA, because these claims forms part of the same case or controversy as Plaintiff's federal law claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

9. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for Plaintiff's federal claim, namely, ACA's alleged attempts to collect a debt from Plaintiff. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See, e.g.*, *Mitchell v. New Penn Fin., LLC*, No. 14-2997, 2015 WL 11120575, at *3 (W.D. Tenn. July 14, 2015) (noting that court had supplemental jurisdiction over plaintiff's claims for fraud, breach of contract, and violations of the Tennessee Consumer Protection Act, where court had original jurisdiction over FDCPA claim).

10. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. *See, e.g.*, *White v. Washington Cty., Tenn.*, 85 F. Supp. 3d 955, 958 (E.D. Tenn. 2015) (noting that

dismissal of state law claim that "arise[s] from the same set of operative facts" as federal claim "would be duplicative and a waste of judicial and the parties' resources").

11. In the instant case, Plaintiff's state law claims arise from the same transaction or occurrence and do not raise novel or complex issues of state law or predominate over Plaintiff's federal claim. Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

12. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of ACA's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) improper joinder of claims; (4) improper joinder of parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Tenn. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

13. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

14. This removal is timely under 28 U.S.C. § 1446, as it is being filed within 30 days of the date on which ACA was served with the Complaint.

15. True, correct, and certified copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a).

16. ACA has heretofore sought no similar relief.

17. The United States District Court for the Eastern District of Tennessee, Northern

Division is the District and Division embracing the place where this action is pending in state court.

18. ACA reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. Contemporaneously with the filing of this Notice of Removal, ACA has filed a copy of the same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court for Blount County, Tennessee. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, ACA prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for Blount County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division.

This the 14th day of September, 2016.

Respectfully submitted,

*/s/Zachary D. Miller*
Zachary D. Miller (BPR No. 032674)
Matthew T. Mitchell
E. Jordan Teague

BURR & FORMAN LLP
511 Union Street Suite 2300
Nashville, TN 37219
Tele: (615) 724-3216
Fax: (615) 724-3316
zmiller@burr.com

**BURR & FORMAN LLP**
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
mmitchell@burr.com
jteague@burr.com

Attorneys for Defendant
AMERICAN CREDIT ACCEPTANCE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing NOTICE OF REMOVAL has been served on the following by Federal Express Overnight Mail and/or email, on this the 14th day of September, 2016:

F.D. Gibson
222 Ellis Avenue
Maryville, TN 37804

/s/Zachary D. Miller
OF COUNSEL