UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PATRICIA SIMPSON,                               )
                                                )
         Plaintiff,                             )
                                                )
v.                                              )    No. 3:16-CV-557-HBG
                                                )
AMERICAN CREDIT ACCEPTANCE, LLC,                )
                                                )
         Defendant.                             )

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 8].

Now before the Court is Defendant's Motion for Summary Judgment and Memorandum of Law in Support [Doc. 14]. The Plaintiff has not filed a response to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a wavier of any opposition to the relief sought."). Accordingly, for the reasons more fully set forth below, the Court finds the Defendant's Motion [**Doc. 14**] well-taken, and it is **GRANTED**.

**I.     BACKGROUND**

The following facts are taken from the Defendant's Statement of Undisputed Facts, unless otherwise noted.

The Plaintiff signed a Retail Installment Contract ("Contract") for her purchase of a used car from U-Drive Auto, LLC ("U-Drive") on October 17, 2011. [Doc. 14 at 2]. Under the Contract, the Plaintiff agreed to make monthly payments starting on November 16, 2011. *Id.* at 2. The Contract contained an assignment provision whereby U-Drive assigned the Contract to

Auto Finance, a division of the Defendant. *Id.* The Defendant bought the Contract from U-Drive before the Plaintiff's first monthly payment was due. *Id.* The Plaintiff was not in default when the Defendant acquired the Contract. *Id.*

The Plaintiff filed a Complaint on July 7, 2016, in Blount County Circuit Court alleging that the Defendant wrongfully repossessed the car and listed on the Plaintiff's credit report that the car had been repossessed on two occasions. [Doc. 1-1 at 2]. The Complaint states that no right existed for repossession under the security agreement and contract. *Id.* The Complaint alleges that as a result of the Defendant's unlawful and illegal actions, the Plaintiff suffered extreme mental anguish, embarrassment, and humiliation and that only monetary damages can suffice. *Id.* The Complaint states that, for instance, on one occasion, the vehicle was repossessed from her work site. *Id.* at 3. The Complaint states that there was no notification in advance that the car was being repossessed and that there was no opportunity to dispute the repossession. *Id.*

The Complaint continues that the Defendant's actions, *i.e.,* listing on the Plaintiff's credit report that the car had been repossessed on two different occasions for failure to comply with the contract, violate § 47-18-104(27) of the Tennessee Consumer Protection Act. *Id.* Further, the Complaint states that the Defendant is guilty of negligent infliction of emotional distress. *Id.* Finally, the Complaint alleges that the Defendant is guilty of violating 15 U.S.C. § 1629k of the Fair Debt Collection Practices Act. *Id.*

The Complaint was removed [Doc. 1] to this Court on September 14, 2016.

## II. POSITIONS OF THE PARTIES

In its Motion, the Defendant asserts that it is not subject to the Fair Debt Collection Practices Act ("FDCPA") because it is not a debt collector. In addition, the Defendant asserts that the Plaintiff has not alleged whether the Defendant's principal purpose was to collect debts.

Further, the Defendant argues that the Plaintiff has not alleged facts regarding the regularity with which the Defendant collected debts, nor has she alleged that the Defendant collected a debt due to another entity. Furthermore, the Defendant argues that it is undisputed that it acquired the debt before the Plaintiff's default.

In addition, the Defendant argues that with respect to the Plaintiff's claim under the Tennessee Consumer Protection Act ("TCPA"), she has no private right of action. The Defendant asserts that even if she did have a private right of action, the Plaintiff's claim is preempted by the Fair Credit Reporting Act. Further, the Defendant submits that the TCPA does not apply to the alleged conduct. Finally, the Defendant argues that the Plaintiff's negligent infliction of emotional distress claim fails because she has not established all of the necessary elements.

### III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must

point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

## IV. ANALYSIS

As an initial matter, the Court notes that the Plaintiff did not respond to the Defendant's Motion. On April 4, 2017, the Defendant filed a Notice of Plaintiff's Failure to Oppose Defendant's Motion for Summary Judgment [Doc. 15]. The Notice states that the Plaintiff did not respond to the Motion and that she did not serve her initial disclosures by the December 30, 2016 deadline. The Notice requests that the Court grant the Defendant's Motion for Summary Judgment and dismiss all claims against it with prejudice. The Plaintiff has not responded to the Notice.

As stated above, the Court finds that the Plaintiff's lack of response to the Motion for Summary Judgment, alone, constitutes grounds to grant the Motion. *See* E.D. Tenn. L.R. 7.2.

Nevertheless, the Court has considered the merits of the Defendant's Motion, and for the reasons explained below, the Court finds the Defendant's Motion to be well-taken.

The Court will address the arguments in the order as presented in the Defendant's Motion.

    A.    **Fair Debt Collection Practices Act**

The Plaintiff alleges in the Complaint that the Defendant is guilty of violating 15 U.S.C. § 1692k.[1] Specifically, the Plaintiff alleges violations of the FDCPA for "multiple repossessions of her vehicle when no right existed and to further reflect that the debt was wrongfully listed on the credit report as a repossession." [Doc. 1-1 at 2]. The Defendant asserts that it is not subject to the FDCPA because it is not a debt collector. Further, the Defendant argues that the Plaintiff has not alleged that it is a debt collector, nor has the Plaintiff alleged that the Defendant collected a debt due to another entity.

Pursuant to 15 U.S.C. § 1692a, a "debt collector" is defined, in relevant part, as follows:

> **(6)** [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
> . . . .
>
> **(F)** any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide

---

[1] The Court notes that this statute is titled, "Civil Liability," and it only provides the amount of damages for a person establishing that a debt collector failed to comply with the provisions of the statute.

escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).

Several courts have noted that "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector', as defined in the FDCPA, because those terms are mutually exclusive." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (quoting *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007)) (other citations omitted). The Sixth Circuit has stated that the language in § 1692a(6)(F)(iii) explains the distinction between a creditor and debt collector. *Id.* The Court continued, "For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired." *Id.*; *see also Justice v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-00165, 2014 WL 526143, at *4 (S.D. Ohio Feb. 7, 2014) ("In other words, if Ocwen acquired the servicing for the Loans before they were in default, then it is not a debt collector under the FDCPA. But if Ocwen acquired the servicing for the Loans after they were in default, it is a debt collector under the FDCPA.").

In the instant matter, the Defendant has set forth evidence showing that it purchased the Contract from U-Drive before the Plaintiff's first monthly payment was due and that the Plaintiff was not in default when the Defendant acquired the Contract. [Doc. 14-1 at 3]. The Plaintiff has not responded to the Defendant's argument. Accordingly, the Court finds the Defendant's argument well-taken, and the Plaintiff's claim pursuant to the FDCPA will be dismissed.

**B.    Tennessee Consumer Protection Act**

The Complaint alleges that Defendant's actions violate the provisions of Tennessee Code Annotated § 47-18-104(b)(27). [2] Specifically, the Plaintiff alleges that the Defendant engaged in other acts or practices that are deceptive to the consumer by listing on Plaintiff's credit report that the car had been repossessed. The Defendant asserts that there is no private right of action under Tennessee Code Annotated § 47-18-104(b)(27).  In addition, the Defendant argues that Plaintiff's claim is preempted by the Fair Credit Reporting Act and that the TCPA does not apply to the Defendant's alleged conduct.

Tennessee Code Annotated § 47-18-104(b)(27) provides as follows:

> (b) The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:
>
> (27) Engaging in any other act or practice which is deceptive to the consumer or to any other person; provided, however, that enforcement of this subdivision (b)(27) is vested exclusively in the office of the attorney general and reporter and the director of the division.

As noted by the Defendant, courts have consistently held that there is no private right of action pursuant to Tennessee Code Annotated § 47-18-104(b)(27). *See Ward v. Wells Fargo Home Mortg., Inc.*, No. 4:14-CV-30-SKL, 2015 WL 1193217, at *6 (E.D. Tenn. Mar. 16, 2015) ("Defendants correctly contend the complaint fails to state a claim for violation of [§ 47-18-104(b)(27)] of the TCPA, because it does not provide a private cause of action."); *King v. Bank of N.Y. Mellon*, No. 15-2432-STA-DKV, 2015 WL 7575024, at *5 (W.D. Tenn. Oct. 13, 2015) (holding that the plaintiffs cannot individually bring a claim under subdivision (b)(27)), *Report*

---

[2] The Complaint cites Tennessee Code Annotated § 47-18-104(27), but the Court presumes this to be a typographical error because the Plaintiff specifically references the Tennessee Consumer Protection Act.

*and Recommendation adopted by,* No. 15-2432-STA-DKV, 2015 WL 7588252 (W.D. Tenn. Nov. 25, 2015).

Because § 47-18-104(b)(27) of the Tennessee Code does not provide a private cause of action, the Plaintiff's claim under the TCPA will be dismissed. The Court does not need to address the Defendant's remaining arguments with respect to the TCPA because there is no private right of action.

### C. Negligent Infliction of Emotional Distress

The Complaint alleges that the Defendant's unlawful and illegal actions caused the Plaintiff to suffer extreme mental anguish, embarrassment, and humiliation to the point where only monetary damages can suffice. Further, she alleges that on one occasion, the vehicle was repossessed from her work site and that she could not find her vehicle. The Complaint states that there was no notification in advance that the car was being repossessed.

The Defendant asserts that the Plaintiff has not established all the necessary elements of a negligent infliction of emotional distress claim. The Defendant contends that the Plaintiff has not alleged that the Defendant owed her a duty or breached a duty. The Defendant also asserts that the Plaintiff has not alleged expert proof of either an injury or causation. Further, the Defendant argues that while the Plaintiff alleged extreme mental anguish, she has not alleged circumstances where a reasonable person would be unable to cope with the mental stress.

In order to establish a claim for negligent infliction of emotional distress, a plaintiff must show "elements of a general negligence claim, which are duty, breach of duty, injury or loss, causation in fact, and proximate causation." *Giles v. Hometown Folks, LLC*, 61 F. Supp. 3d 749, 758 (E.D. Tenn. 2014) (quoting *Rogers v. Louisville Land Co.,* 367 S.W.3d 196, 206 (Tenn. 2012)). Further, "the plaintiff must prove that the defendant's conduct caused a serious or severe

emotional injury." *Id.* (quoting *Rogers*, 367 S.W.3d at 206). Serious mental injury "occurs where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Id.* (quoting *Rogers,* 367 S.W.3d at 210). "'Unable to cope with the mental stress engendered' means that the plaintiff has demonstrated, by means of [certain factors] or other pertinent evidence, that he or she has suffered significant impairment in his or her daily life resulting from the defendant's extreme and outrageous conduct." *Id.* (quoting *Rogers*, 367 S.W.3d at 210).

In the present matter, the Complaint alleges that the Plaintiff suffered extreme mental anguish when the Defendant wrongfully repossessed her car and listed on her credit report that the car was repossessed. Further, she alleges that on one occasion, the car was repossessed from her work site without prior notification. In light of the Plaintiff's failure to respond, the Court agrees with the Defendant that the Plaintiff has not alleged circumstances where a reasonable person would be unable to cope with the mental stress. Accordingly, the Plaintiff's negligent infliction of emotional distress claim will be dismissed.

V. CONCLUSION

Accordingly, for the reasons cited above, the Court finds the Defendant's Motion for Summary Judgment [**Doc. 14**] to be **GRANTED**. A separate judgment will enter **DISMISSING** this case **WITH PREJUDICE**.

ORDER ACCORDINGLY:

_____
United States Magistrate Judge